IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN A. GENTRY,

        Petitioner,

v.                                          CASE NO. 20-3280-SAC

STATE OF KANSAS,

        Respondent.

## MEMORANDUM AND ORDER

The case comes before the Court on petitioner Stephen A. Gentry's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and requests leave to proceed *in forma pauperis*. The Court grants Petitioner's motion to proceed *in forma pauperis* (ECF No. 2). For the reasons discussed below, the Petition is denied.

**Background**

Petitioner was convicted of first-degree murder, attempted first-degree murder, criminal discharge of a firearm at an occupied vehicle, and conspiracy to commit aggravated battery in the Saline County District Court (Case No. 2015-CR-446). Petitioner appealed, and on September 20, 2019, the Kansas Supreme Court ("KSC") affirmed his convictions but vacated a portion of the restitution ordered by the trial court. *State v. Gentry*, 449 P.3d 429 (Kan. 2019).

**Petition**

The Petition challenges Gentry's first-degree murder and attempted first-degree murder convictions. On the first-degree murder charge, Petitioner alleges the trial court improperly failed

1

to instruct the jury on the lesser included offense of voluntary manslaughter. On the attempted first-degree murder charge, he claims the trial court should have instructed the jury on the lesser included offense of attempted voluntary manslaughter.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

Gentry alleges the trial court erred by excluding jury instructions on the lesser included offenses of voluntary manslaughter and attempted voluntary manslaughter. On appeal, the KSC applied Kansas law to determine such instructions were not factually appropriate. Thus, the KSC found no error in the trial court's exclusion of those instructions. *State v. Gentry,* 449 P.3d at 437, 442.

It is significant the KSC's holding was based exclusively on Kansas law for two reasons. First, "[f]ederal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). In reviewing a federal habeas petition, the Court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68; *see also Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("claims of state law violations are not cognizable in a federal habeas action."). Habeas relief for claims of state law error are available only when the error "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (quoting

2

*Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002) (other citations omitted); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("a state court's interpretation of state law ... binds a federal court sitting in habeas corpus").

Gentry's claims are thus not cognizable in this habeas action unless he can demonstrate that the absence of the instruction was so prejudicial it "fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Id*. Gentry has made no such showing.

The second reason that the state law basis of the KSC's holding is significant is the exhaustion requirement. Under 28 U.S.C. § 2254(b)(1), the Court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a petitioner challenging a state conviction is required to fully exhaust the remedies available in the state courts before seeking relief in federal court. *See Montez*, 208 F.3d at 866 (a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). To satisfy this exhaustion prerequisite, Petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). State courts must be granted the opportunity to "correct alleged violations" of constitutional magnitude before those claims may be heard in federal court. *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (per curiam).

Gentry attempted to raise before the KSC the argument that the trial court's failure to instruct on lesser included offenses violated due process. However, the KSC refused to consider the argument because Gentry had not preserved the issue by raising the argument in the lower

3

courts.  *State v. Gentry*, 449 P.3d at 442.  Therefore, Petitioner has failed to satisfy the exhaustion requirement.

There is another more compelling reason the Petition must be denied.  "The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in noncapital cases."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (citing *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980)); *see also Fero v. Kerby*, 39 F.3d 1462, 1480 (10th Cir. 1994) ("a state court's failure to submit a lesser included offense instruction cannot form the basis for federal habeas relief") (citing *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993)); *Dewberry v. Patton*, 672 F. App'x 821, 823 (10th Cir. 2016). The Tenth Circuit follows a rule of "automatic non-reviewability" for habeas claims based on a trial court's failure to give a lesser-offense instruction in noncapital cases.  *Dockins*, 374 F.3d at 938 (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)).

Gentry was charged with and convicted of first-degree murder, which is different from capital murder under Kansas law.  Petitioner has thus failed to assert a cognizable claim for habeas relief on the ground he raises in his Petition.  Accordingly, the Petition is denied.

**Certificate of Appealability**

The rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters.  *See*, Rules Governing Habeas Cases Under § 2254. Rule 11 of those rules requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.  A petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

4

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.

The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the Petition is **denied**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED:  This 16th day of April, 2021, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**